UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>APPROXIMATELY $10,000.00 IN U.S. CURRENCY,<br><br>            Defendant.<br>_____/ | Case No. 1: 12-cv-01863-LJO-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S EX PARTE APPLICATION FOR DEFAULT JUDGMENT** |

### I.    INTRODUCTION

In this civil forfeiture action, Plaintiff United States of America ("Government") seeks (1) default judgment against the interests of Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal in approximately $10,000.00 in U.S. currency (the "Defendant Currency") and (2) entry of a final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Currency. No opposition to the Government's motion has been filed and the time to file an opposition has expired. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and vacated the hearing scheduled for August 30, 2013.

Having carefully considered all written materials submitted and the record as a whole, the Court recommends that the District Court grant the Government default judgment; enter final

1

forfeiture judgment to vest in the Government all right, title and interest in the Defendant Currency; and order the Government, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

## II.  FACTUAL BACKGROUND[1]

**A.  Underlying Criminal Allegations**

The facts giving rise to this action are set out in detail in the Complaint. In May 2012, Detectives with the Fresno Police Department Narcotics Unit commenced an investigation into the sales and transportation of methamphetamine occurring in and around Fresno, California.

On May 1, 2012, a confidential reliable informant (hereafter "CRI") advised detectives that a subject known as "Pili" was engaged in the sales and transportation of methamphetamine. The CRI had personal knowledge of Pili's narcotic activities as the CRI had conducted narcotic transactions with Pili previously. The CRI described Pili as a Hispanic male in his 20's, approximately 5'9'' tall, and weighing approximately 180 pounds. The CRI had no knowledge as to where Pili resided, but provided a contact phone number of 559-394-8585 for Pili and advised that Pili utilizes a light green Nissan Altima to conduct his narcotic transactions.

During the week of May 1, 2012, detectives again met with the CRI and directed the CRI to contact Pili and arrange for the purchase of methamphetamine at a predetermined location. Detectives provided the CRI with an electronic monitoring device and pre-recorded "buy money." The CRI called the 559-394-8585 telephone number and spoke with Pili, who agreed to meet the CRI at the predetermined location within 15 to 20 minutes. Subsequently, law enforcement surveillance units were positioned in this area to monitor the CRI and observe the impending narcotic transaction.

Approximately 20 minutes after the CRI placed the phone call to Pili, the surveillance units observed a light green four door Nissan Altima bearing California License plates 6UHP089 in the area. Law enforcement officers observed the driver of the vehicle, a Hispanic male make contact with, and sell methamphetamine to, the CRI.  The electronic monitoring device captured the conversation

---

[1] These facts were derived from the Government's application and from the Court's records.

between the CRI and Pili, confirming the narcotic transaction. Once the narcotic transaction was complete, the surveillance units followed the light green Nissan Altima to a residence located at 4749 E. Yale Avenue. Law enforcement officers observed the driver of the vehicle exit the vehicle and enter the residence through the front door. A records check of the light green Nissan Altima with the Department of Motor Vehicles revealed the registered owner as Jorge Mariscal.

During the week of May 28, 2012, at the direction of detectives, the CRI arranged a second purchase of methamphetamine from Pili. The CRI was again provided an electronic monitoring device and pre-recorded buy money. Surveillance units were positioned both at Pili's residence and at the predetermined location. Once again, the CRI called the number 559-394-8585 and spoke with Pili, who agreed to meet the CRI at the predetermined location within 20 minutes. Shortly thereafter, the surveillance team position at the 4749 E. Yale Avenue residence, observed a male subject exit the residence and enter the same light green Nissan Altima. The surveillance units followed the vehicle from the residence to the meet location. At the meet location law, enforcement officers observed the CRI contact Pili and purchase the methamphetamine. After the narcotics transaction was complete, the surveillance units followed the light green Nissan Altima back to the 4749 E. Yale Avenue residence. At the residence, law enforcement observed the driver of the vehicle exit the vehicle and enter the residence through the front door.

On June 6, 2012, law enforcement officers served a search warrant at 4749 E. Yale Avenue. Upon approach of the residence law enforcement encountered and detained Jorge Mariscal (hereafter "Mariscal") as he exited the residence. Law enforcement officers located approximately seven grams of methamphetamine in Mariscal's left front pants pocket. In the same pocket, law enforcement located a black colored iPhone with a telephone number of 559-394-8585. In Mariscal's right front pants pocket, law enforcement located a white colored iPhone with a different telephone number. Inside the residence law enforcement officers encountered Luis Mariscal, Rosa Mendoza, Silvino Mariscal, and two small children. In the master bedroom of the residence, occupied by Mariscal and Rosa Mendoza, law enforcement officers located a safe which contained $10,000.00 and a loaded shotgun. In another bedroom of the residence, occupied by Luis Mariscal, law enforcement officers located approximately three grams of methamphetamine, $22,283.001, and a loaded shot gun. In the

1  hallway closet of the residence, law enforcement officers located four shoe boxes containing
2  approximately three pounds of methamphetamine, scales, and packaging material. In the garage of the
3  residence, law enforcement officers located approximately one pound of methamphetamine, secreted
4  inside of a speaker box.

5  In a post-Miranda interview with law enforcement officers, Mariscal stated that he had lived at
6  the 4749 E. Yale Avenue residence for approximately four months with his wife, Rosa Mendoza and
7  two children. Mariscal stated that Luis Mariscal and Silvino Mariscal were his brothers and that they
8  had just recently moved into the residence. Mariscal stated that the drugs located on him were his and
9  that law enforcement would find more drugs in the hall closet of the residence. Mariscal admitted that
10 there would be more than one or two ounces of drugs in the residence, and that the total amount would
11 be approximately one pound. Mariscal admitted that there was approximately $10,000.00 in cash in a
12 box in his bedroom. Mariscal stated that he did not use methamphetamine but that he does sell
13 methamphetamine.

14 In a post-Miranda interview with law enforcement officers, Luis Mariscal (hereafter "Luis")
15 stated that he had been arrested in Orange County approximately two years prior for possession of a
16 kilogram of methamphetamine. Luis stated that he served time in Wasco State Prison and was then
17 deported upon completing his sentence. Luis told law enforcement officers that he had just returned to
18 the United States approximately 20 days prior and had been unable to secure legitimate work and had
19 resorted back to his old ways of selling methamphetamine. When asked about the money located in his
20 bedroom, Luis stated that the money belonged to him and that he had made approximately $10,000.00
21 from the sales of methamphetamine. The Defendant Currency was seized on June 6, 2012, at 4749 E.
22 Yale Avenue in Fresno, California.

23 In connection with these above events, Luis Mariscal and Jorge Mariscal were charged in
24 Fresno Superior Court case number F12904168, with violations of Health and Safety Code Sections
25 11378-Possession With Intent to Sell a Kilogram or More of Methamphetamine, among other related
26 charges. On August 28, 2012, Jorge Mariscal and Luis Mariscal were convicted and sentenced to four
27 years, four months in prison and five years in prison respectively.
28

4

**B.     Procedural Background and Notice of Action**

On November 13, 2012, the Government filed is complaint for forfeiture *in rem*, alleging that the Defendant Currency was subject to forfeiture to the Government pursuant to 21 U.S.C. § 881(a)(6). On November 20, 2012, the Clerk of the Court issued a Warrant for Arrest of Articles In Rem for the Defendant Currency. The Warrant for Arrest was executed on the Defendant Currency on April 19, 2013.

Beginning on November 16, 2012, Public notice of the action and the arrest of the Defendant Currency was published via the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days. Additionally, pursuant to Rule G(4)(b)(v) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal received actual notice of the forfeiture action at the time of seizure as they were each present.

In addition to providing notice by publication and having provided notice consistent with Rule G(4)(b)(v), the United States also caused notice to be delivered to various individuals with a suspected potential interest in the Defendant Currency as follows:

1.     On or about November 21, 2012, copies of the Complaint, Order Re Issuance of Clerk's Arrest Warrant, Warrant for Arrest of Articles In Rem, Order Setting Mandatory Scheduling Conference, Standing Order in All Civil Cases Assigned to District Judge Lawrence J. O'Neill, Notice of Availability of Magistrate Judge, Notice of Availability Voluntary Dispute Resolution and notice of forfeiture letter dated November 21, 2012, were sent by first class mail and certified mail to Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal at their last-known address located at 4749 E. Yale Avenue in Fresno, California 93703-2721. On or about November 27, 2012, the United States Attorney's Office received the returned certified mailing, unsigned and marked "attempted not known."

2.     On or about November 21, 2012, copies of the above-listed documents were sent by first class mail and certified mail to the Law Office of David Balakian, the attorney who filed a claim on behalf of Jorge Mariscal in the administrative forfeiture action. On or about November 27, 2012, the United States Attorney's Office received the returned certified mailing, unsigned and marked

"Refused."

3. On or about December 3, 2012, the United States sent the above-referenced documents to the U.S. Marshals Service to be served on Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal. On or about January 26, 2013, the United States received copies of the United States Marshals Service Process Receipt and Returns certifying that the Marshals Service had been unable to locate each of the named individuals.

4. On or about January 15, 2013, the United States Attorney's Office received a call from Attorney David Balakian. During this call Mr. Balakian acknowledged receipt of the mailed forfeiture Complaint and civil case documents and requested a two week extension in which to file a claim on behalf of his client Jorge Mariscal. The U.S. Attorney's Office granted Mr. Balakian a two week extension until January 29, 2013 in which to file any claims on behalf of his client.

5. On or about January 25, 2013, Mr. Balakian contacted the U.S. Attorney's Office and requested an extension of February 1, 2013, in which to file a claim on behalf of his client. The United States granted a second request for extension allowing Mr. Balakian additional time to file a claim on behalf of his client Jorge Mariscal.

As of August 29, 2013, no claims have been filed by or on behalf of Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal to the Defendant Currency. On April 25, 2013, a Clerk's Certificate of Entry of Default was entered against Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal. The United States now seeks entry of a default judgment against Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal, and the entry of a Final Judgment of Forfeiture vesting all right, title, and interest in the defendant currency to the United States.

### III.    DISCUSSION

**A.    Sufficiency of the Complaint**

The Government contends that the allegations set forth in the verified complaint for Forfeiture In Rem and the cited facts provide ample grounds for forfeiture of the defendant currency. A complaint's sufficiency is one factor for consideration in deciding whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986). Money or other things of value are subject to

6

forfeiture if they are derived from proceeds traceable to one or more violations of 18 U.S.C. § 841, et seq.

The Government's verified complaint alleges that the defendant currency is subject to forfeiture since it was derived from proceeds traceable to one or more violations of 18 U.S.C. § 841, et seq. As set forth above and in the verified complaint, the Defendant Currency was seized on June 6, 2012, in Fresno, California. The complaint meets the requirements of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, in that it is verified; states the grounds for subject matter jurisdiction, in rem jurisdiction, and venue; describes the property seized and the circumstance of its seizure; and identifies the relevant statutes. In the absence of assertion of interests in the Defendant Currency, this Court is not in a position to question the facts supporting its forfeiture. As alleged, the facts set forth a sufficient connection between the Defendant Currency and illegal drug activity to support a forfeiture.

**B.     Notice Requirements**

The Fifth Amendment's Due Process Clause prohibits the Government from deprivation of property without "due process of law." Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S. Ct. 492 (1993). The Government contends that it provided required notice for the forfeiture of the Defendant Currency.

**1.     Notice by Publication**

Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings. Rule G(4)(a)(iv)(C) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official internet government forfeiture site for at least 30 consecutive days." Local Admiralty and In Rem rules further provide that the Court shall designate by order the appropriate newspaper or other vehicle for publication. See Local Rules 171 & 530.

On November 20, 2013, this Court authorized publication of the forfeiture action via the internet forfeiture website www.forfeiture.gov for at least thirty days. On February 4, 2013, the Government filed its Declaration of Publication. (Doc. 7.)

**2.     Personal Notice**

When the Government knows the identity of the property owner, due process requires "the Government to make a greater effort to give him notice than otherwise would be mandated by publication." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (quotations omitted). *See also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (requiring such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it"). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be "sent by means reasonably calculated to reach the potential claimant." Additionally, this Court's Local Rule 540 addresses notice to persons known to have an interest in property subject to forfeiture. The rule requires that a party seeking default judgment in an action in rem to show to the Court's satisfaction that due notice and arrest of the property has been given by: (1) publication; (2) by personal service on the person having custody of the property; (3) if the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and (4) by personal service or certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success. Local Rule 540(a). Notwithstanding the Supplemental Rules and Local Rule 540(a), the Government provides sufficient notice if such notice complies with Federal Rule of Civil Procedure 4 requirements. See FED. R. CIV. P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

As outlined in detail above, pursuant to the requirements of Rule G, the United States has satisfied the requirements of Rule G by providing sufficient direct notice to all persons who reasonably appeared to be potential claimants: Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal. Fed. R. Civ. P. Supp. Rule G(4)(b)(i). Moreover, pursuant to Rule G(4)(b)(v) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, because they were present at the time of seizure, Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal received actual notice of the forfeiture action. Accordingly and as set forth above, pursuant to Local Rule 500(d) and Rule G, the United States has fully satisfied both the notice requirements – (1) notice via publication and (2) direct notice on all persons who reasonably appeared to be potential claimants.

**C.     Failure to File Claim or Answer**

Supplemental Rule G(5) requires any person who asserts an interest in or right against the Defendant Currency to file a claim with the Court within 35 days after service of the Government's complaint or 30 days after the final publication of notice. Supplemental R. G(4)(b) & (5). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to the forfeiture action. *Real Property*, 135 F.3d at 1317.

There have been no claims filed by or on behalf of Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal with respect to the Defendant Currency. The Clerk of Court properly entered defaults against Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal.

**D.     Default Judgment**

The Government seeks judgment against the interests of Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal, and final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Currency.

The Supplemental Rules do not provide a procedure to seek default judgment in an action in rem. Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules." Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment.

Rule 55(a) of the Federal Rules of Civil Procedure governs entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.

*Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987) (internal citations & quotation marks omitted). As noted above, the Government properly obtained default entries against the interests of Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal.

The Court, using its discretion, must then determine whether to grant or deny default judgment. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. *See Eitel,* 782 F.2d at 1471-72.

Where a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Therefore, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact. *See Panning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978).

Here, the *Eitel* factors set forth by the Ninth Circuit also favor the granting of the Government's ex parte motion for default judgment. First, the Government would be prejudiced by the denial of its motion because the Government would otherwise have to expend additional time and effort litigating an action in which no claimants have appeared. Second, the Government's claims appear to have merit. Third, as discussed above, the Government has adhered to the procedural requirements of a forfeiture action, including the filing of a sufficient complaint. Fourth, the sum of

money in dispute here is not substantial enough to warrant the denial of the Government's motion. Fifth, there are no genuine disputes as to any material fact. Sixth, it does not appear that there is any risk of mistake or excusable neglect on the part of any party. And seventh, although it is always preferable to decide a case on its merits, such is not practicable in this case where no claimant has appeared to oppose the Government's claims.

Therefore, there is no impediment to default judgment sought by the Government.

## RECOMMENDATIONS AND ORDER

For the reasons discussed above, this Court RECOMMENDS the following:

1. GRANT the United States of America's Motion for Default Judgment against the interests of Jorge Mariscal, Luis Mariscal, Rosa Isla Ochoa Mendoza, and Silvino Mariscal in the Defendant Currency;

2. ENTER final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the Defendant Currency in the amount of $10,000.00; and

3. ORDER Plaintiff United States of America, within ten (10) days of service of an order adopting the findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and order adopting them.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document

/////
/////
/////
/////
/////

11

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 29, 2013**        /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE